## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM LYNN RICHARDSON,<br>     Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>     Respondent. | §<br>§<br>§<br>§     Civil Action No. 4:07-CV-264-Y<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner William Lynn Richardson, TDCJ-ID #399677, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Richardson is currently serving a 25-year sentence for his 1985 murder conviction in cause number 0240994A in the Criminal District Court Number One of Tarrant County, Texas. (Petition at 2.) Most recently, Richardson was released on parole in January 2003, which was revoked on January 25, 2005, due to violations of the conditions of his release. (Parole Record at 2.) Upon revocation, TDCJ denied Richardson credit for time spent on release, "street time," and, allegedly, forfeited any previously accrued good time. (*Id.*) Richardson claims he pursued time credit dispute resolution through TDCJ's administrative process, to no avail. (*Id.*) He filed a state habeas application on December 15, 2005, complaining, as he does now, that TDCJ's denial of street time and good time violates his constitutional rights. (Petition at 7-8.) *Ex parte Richardson*, Application No. WR-63,761-02, at 8-9. On March 29, 2006, the Texas Court of Criminal Appeals denied his state habeas application without written order. *Id.* at cover. Richardson filed this federal petition on April 24, 2007.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Richardson has filed a reply.

D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A prisoner's pro se habeas petition is deemed filed when it is handed over to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (not designated for publication in the Federal Reporter); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Richardson knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, that he was not entitled to and/or would not be credited for street time or any previously accrued good time. Thus, Richardson knew or should have known of the factual predicate of his claims on January 25, 2005,

3

the date his parole was revoked. Accordingly, the statute of limitations began on Richardson's claims on January 25, 2005, and closed one year later on January 25, 2006, subject to any applicable tolling.

Under § 2244(d)(2), the limitations period is tolled 104 days during the pendency of Richardson's state habeas application, making his petition due on or before May 9, 2006. Although this court has held that the pendency of TDCJ's time credit dispute resolution process mandated by § 501.0081 of the Texas Government Code tolls the running of the statute of limitations, the record does not reflect that Richardson actually pursued such administrative relief. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002); *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief). The record reflects only that following revocation of his parole Richardson submitted an "Inmate Request to Official" requesting a "CL-147 form" to obtain credit for his street time. The Inmate Request to Official was returned to him with a notation that Richardson was not eligible for street time because he had not met the midpoint calculation. There is no evidence in the record that Richardson actually submitted a time credit dispute resolution form or pursued the prison's time credit dispute resolution process through completion. Thus, Richardson is not entitled to tolling during time credit dispute resolution proceedings.

Nor has he demonstrated that he is entitled to tolling as a matter of equity. Richardson claims he has attempted, to no avail, to obtain copies of his state habeas records from his state habeas counsel (retained by his estranged wife), his estranged wife, the trial court clerk, and the

4

Texas Bar Association. (Pet'r Answer at 2; Pet'r "Motion to Stay and Abey" at 2-3.) He further claims that he was under the impression that state habeas counsel, against whom he has filed a grievance, was going to file a § 2254 petition on his behalf, but neither counsel nor his estranged wife would respond to his correspondence. (Pet'r Answer at 1-2.) Application of the doctrine of equitable tolling is available only in rare and exceptional circumstances when a person is prevented in some extraordinary way from asserting his rights in a timely manner. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Absent evidence of intentional deceit or misrepresentation on the part of his attorney, attorney error does not trigger equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002). Moreover, Richardson's lack of access to state court records or his own ignorance or mistake regarding filing deadlines is insufficient to warrant equitable tolling. *See Coleman*, 184 F.3d at 402; *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Davis*, 158 F.3d at 811; *Roughley v. Cockrell*, 45 Fed. Appx. 326, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002) (Table); *Kiser v. Dretke,* 2004 WL 2331592, at *2 (N.D.Tex. Oct.15, 2004), *recommendation adopted,* 2004 WL 2549174 (N.D.Tex. Nov. 9, 2004).

Richardson's federal petition was due on or before May 9, 2006. His petition, filed on April 24, 2007, was therefore untimely.

## II. RECOMMENDATION

Richardson's petition for writ of habeas corpus should be DISMISSED as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 18, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 18, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 27, 2007.

    /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE